WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—July, 1882.

### GUION v. UNDERHILL.

*In the matter of the estate of* ELIZABETH R. UNDERHILL, *deceased.*

The lawful decrees and orders of a Surrogate's court are those which it is by statute empowered to make (Code Civ. Pro., § 2472, *ad fin.*); and such, only, it has authority to enforce.

The only statutory provision permitting such a court to order a deposit of the property of an estate in a bank or trust company is Code Civ. Pro., § 2602, which applies exclusively to the case of a disagreement among co-executors, etc. In the absence of such an exigency, an order to that effect cannot be justified as coming within the provisions of id., § 2481, subd. 5, or subd. 11.

During the pendency of proceedings to revoke an executor's letters, a stipulation was entered into, between him and the parties interested in the estate, to the effect that he should deposit certain assets of the estate,

including interest and dividends collected by him, in a trust company, and that the company should make periodic payments to certain annuitants. An order having been entered upon this stipulation, with which the executor failed to comply, after service of a copy of the order on him and a demand of compliance, he was cited to show cause why he should not be attached for contempt, the citation, by reason of his absence, being served, pursuant to order, upon his attorney.—

*Held,* that the order for a deposit of funds in a trust company, being made *coram non judice,* and void, could not be enforced by the court, and that the application for an attachment must be denied.

*It seems,* that, if the original order had been within the court's jurisdiction, it would have had power to issue an attachment without citation.

PENDING the judicial settlement of the account of Philip R. Underhill, the executor, etc., of the decedent, applications were made by several of the parties for the revocation of the letters issued to him. No adjudication of these applications was made, for the reason that an arrangement was entered into, by which it was agreed that certain assets of the estate, including $80,000 in cash, should be deposited by the executor in the Central Trust Company of New York, within certain specified periods, and the executor was to continue the collection of interest and dividends, which he was, in like manner, to deposit, and the Trust Company was to make certain monthly payments to life-beneficiaries. An order to this effect was, by stipulation of all the parties, made and entered. The executor deposited, accordingly, all of the assets, within the period limited by the order, except $40,000 in cash.

A petition was presented, setting forth these facts, showing that a copy of the order had been served on the executor, a demand made of him to obey the order, and a failure on his part to do so, and praying for a citation directing the executor to show cause why an attachment

should not be issued against him for his neglect to comply with the terms of the order. The citation which was issued could not be served upon the executor by reason of his absence, and an order for substituted service on his attorney was granted.

RICHARD O'GORMAN, T. H. RODMAN, and SMITH & RANDALL, *for the motion.*

L. D. FREDERICKS *and* FRANCIS LARKIN, *opposed.*

THE SURROGATE.—The counsel for the executor object that this is not a case where substituted service is admissible, and that was the chief subject of contention on the argument. I am inclined to think, however, that no citation to show cause why an attachment should not issue, was at all necessary, in this case. The executor had notice of the order; a copy was served upon him, after he had made default in complying with its mandate, and a demand made that he should comply, and there was a neglect on his part to do so. The evidence of these facts conferred power upon the court, if it was a matter over which the court otherwise had jurisdiction, to issue the attachment at once. But it seems to me there is an obstacle in the way of doing so, which the learned counsel have not discussed.

This court can only enforce obedience, by attachment, to its lawful orders and decrees; that is, to such orders and decrees as it is empowered, by statute, to make. I have looked in vain, for any statute, conferring upon this court the power to make such an order as this. The only section of the Code which grants the power to make an order for the deposit of the property of an estate in a

bank or trust company, is § 2602, but that is applicable only to the case of the disagreement of two or more co-executors or co-administrators, and is, of course, inapplicable to this case. The jurisdiction conferred by § 2472 "must be exercised in the cases, and in the manner, prescribed by statute," and the incidental powers of the court are defined by § 2481. Clearly subd. 5 of that section does not reach this case; nor, I think, does the more comprehensive language of subd. 11. I availed myself of this last subdivision to meet a difficulty which arose in Tompkins v. Moseman (*5 Redf., 402*), where the statute conferred the power but failed to point out the mode of its exercise. It is such instances to which that part of the section may be deemed to be limited.

The conclusions reached are that this court has power to issue an attachment in such a case of disobedience to the requirements of an order it has power to make, without a citation to show cause why it should not be done; but that it must be refused, in this case, for the reason that the order is *coram non judice*.

Ordered accordingly.